## MOEBUS v BYUS

Ohio Appeals, 1st Dist, Clermont Co

No 130. Decided May 27, 1936

Edward Y. Schaber, Cincinnati, and J. G. Williams, Cincinnati, for plaintiff in error.

William C. Groh, Cincinnati, and Nichols, Speidel & Nichols, Batavia, for defendant in error.

## OPINION

By THE COURT

When this case was called it was dismissed for want of prosecution, the plaintiff in error not appearing and no briefs having been filed, although long overdue under the rules of court.

Later, upon application, and in order that the court might be advised of the merits of the case the court permitted briefs to be filed although the entry of dismissal was not formally set aside by entry on the journal.

In considering the merits for the purpose of determining whether the dismissal should be set aside our attention was attracted to the state of the record that precludes a consideration of the merits.

The judgment which the appellant is attempting to have reviewed was rendered on November 26th, 1935. The procedure for invoking the jurisdiction of this court is that prescribed by the statute in force at that time and not by the appellate procedure act that became effective on January 1st, 1936. That act by §12223-49, GC, expressly provides that it shall apply to final orders or judgments "rendered after that date."

Therefore, the method of invoking the jurisdiction of this court in that case was by petition in error and summons thereon filed and served within seventy days. That was not done and the time has long since expired.

On January 3rd, 1936, a notice of intention to appeal was filed, but that was ineffective for two reasons—such method had no application to this case, and if it had, the notice was not filed within the twenty days of the judgment as required by the act effective on January 1st, 1936.

For these reasons, this court has no jurisdiction.

The proceeding was properly dismissed.

ROSS, PJ, MATTHEWS and HAMILTON, JJ, concur.